IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Ronald Sciortino on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: |
| Nationstar Mortgage, LLC. | : : | CLASS ACTION COMPLAINT |
| Defendant. | : : : | JURY TRIAL DEMANDED |

### PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT

**COMES NOW**, the Plaintiff, Ronald Sciortino, and files this Class Action Complaint against the above named Defendant, showing the Court as follows:

### INTRODUCTION

1.

This action seeks redress for collection practices utilized by Defendant Nationstar Mortgage, LLP., (hereinafter "Nationstar") that violate the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692(e) (11) by failing to identify itself as a debt collector in the dunning notice attached hereto as Exhibit "A".

## PARTIES

2.

Plaintiff Ronald Sciortino owns the real property that is the subject of the dispute complained about herein and is a resident of Gwinnett County, Georgia.

3.

Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly owed to Federal National Mortgage Association, that was for personal, family or household purposes.

4.

Defendant Nationstar is engaged in the business of collecting on promissory notes in default for entities such as trustees for mortgage backed securities, Fannie Mae and Freddie Mac. Defendant may be served with a copy of the summons and complaint through its registered agent CORPORATION SERVICE COMPANY located at 1201 HAYS STREET TALLAHASSEE FL 32301-2525.

5.

Nationstar is a debt collector as defined in 15 U.S.C. § 1692a(6) because it used the mail system in business, the principal purpose of which, is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## JURISDICTION AND VENUE

6.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k(d).

7.

Venue in this court is proper in that defendant directed its collection efforts into the Northern District of Georgia and the named Plaintiff resides within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

8.

Nationstar received an assignment of the Plaintiff's servicing rights on or about December 10, 2010 while the Plaintiff's note was in default solely for the purpose of facilitating collection of such debt for Federal National Mortgage Association.

9.

Nationstar has sent the Plaintiff approximately ten (10) letters in an attempt to the Plaintiff in an attempt to collect the debt allegedly owed to Fannie Mae.

10.

NationStar is a debt collector as defined by the FDCPA with respect to the Plaintiff and putative class member's debt because it received a transfer of the servicing rights while the debt was in default solely for the collection for another.

11.

On or about August 18, 2011 Plaintiff received the tenth (10th) dunning notice attached hereto as Exhibit "A" attempting to collect a debt on behalf of Federal National Mortgage Association.

12.

15 U.S.C. § 1692(e) declares a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector,** except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
> (emphasis added)

13.

Nationstar failed to state that the communication attached hereto as Exhibit "A" is from a debt collector in violation of the code section above.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

15.

Pursuant to 15 U.S. C. § 1692e a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16.

Defendant violated 15 U.S.C. § 1692e(11) because it failed to state the dunning notice is from a debt collector.

17.

By reason of the conduct alleged herein, Defendant violated 15 U.S.C. § 1692(e)(11) and is liable to the Plaintiff for actual damages and statutory damages of up to one thousand dollars ($1,000) per violation pursuant to 15 U.S.C. 1692k *et seq*.

## **CLASS ALLEGATIONS**

18.

The named Plaintiff and others similarly situated to him, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

19.

Plaintiff brings this claim on behalf of a proposed class, consisting of:

(a) all natural persons who were consumers under the FDCPA;

(b) that were sent a dunning letter from Defendant [acting as a debt collector under the FDCPA] identical to or substantially similar to the one attached hereto as Exhibit "A";

(c) that failed to disclose it was from a debt collector;

(e) to a Georgia address;

(f) on or before a date one year prior to the filing of this complaint.

20.

Plaintiffs seek class action certification and are authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

21.

The persons included in each Class set out above are so numerous that joinder of all parties is impractical.

22.

Upon information and belief there are more one thousand (1,000) members of the proposed class. More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiffs subsequent Motion for Class Certification.

23.

The claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

24.

The claims of class representative of the Plaintiff are typical of the claims of the proposed class.

25.

The questions of law and fact which are common among members of the class are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* by sending a dunning notice pursuant to the FDCPA to approximately one thousand consumers in Georgia that failed to state it was from a debt collector.

26.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class

action is superior to any other method of fair adjudication of the class presented.

27.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

28.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

29.

Plaintiff has retained counsel with experience in prosecuting and maintaining class actions, complex litigation and consumer protection statutes.

30.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

31.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

32.

The basis for class certification under Rule 23(b)(2) is that the Defendant has refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages for the Plaintiff and each member of the class;
b. Attorney's fees, litigation expenses and costs of suit; and
c. Such other or further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff and the putative class member request a trial by jury on all of their claims so triable.

Respectfully submitted this 3rd day of May, 2012

[Signatures and date on the following page]

/s/Stephen Minsk
Minsk & Associates, LLC.
Mr. Steven Minsk, Esq.
State Bar No. 511366
1451 Biltmore Drive N.E.
Atlanta, GA  30329
770 -861-7201 Telephone
Attorney for Plaintiff
stephenminsk@minsklaw.com

/s/Ainsworth Dudley
Ainsworth Dudley
State Bar No. 231745
Mr. Ainesworth Dudley, Esq.
1451 Biltmore Drive N.E.
Atlanta, GA  30329
770 -861-7201 Telephone
Attorney for Plaintiff

*Attorneys for Plaintiffs*